James E. STORM, Petitioner,

v.

**SHERIFF OF CROOK COUNTY, Wyoming ex rel. the DISTRICT COURT In and For the SIXTH JUDICIAL DISTRICT, State of Wyoming, Respondents.**

No. 3956.

Supreme Court of Wyoming.

Dec. 21, 1970.

William D. Norman, Gillette, for petitioner.

Before GRAY, C. J., and McINTYRE, PARKER, and McEWAN, JJ.

ORDER DENYING WRIT OF HABEAS CORPUS

James E. Storm, having filed his petition for writ of habeas corpus claiming he is illegally restrained of his liberty by virtue of a commitment order of the district court in Crook County, which order placed the petitioner in the custody of the sheriff of Crook County until he pays the sum of $3,764.27 as delinquent alimony payments; and the court having examined the petition and exhibits attached thereto and having determined that the circumstances set forth as to the necessity for this court to exercise its original jurisdiction in habeas corpus are insufficient for these reasons in particular:

1. The petition shows a hearing was had before the district court on November 24, 1970, after which James E. Storm was found to be in contempt for failure to pay certain alimony payments. Having failed to purge his contempt as permitted by the court, petitioner was ordered to produce himself on December 16, 1970 for commitment. He claims he was not permitted to present his defenses at that time. No showing has been made to us, however, of the evidence presented at the November 24, 1970 hearing, and from the record before us, we are unable to judge whether the petitioner did or did not make a showing to the district court of his inability to make the required alimony payments. From all that appears he was afforded an opportunity to do so at the hearing on November 24, 1970.

2. It appears from the papers before us that the order finding James E. Storm in contempt of the district court was entered December 10, 1970 and the order causing him to be confined was entered December 16, 1970. Time for appeal from the action of the district court has not expired. There is insufficient showing in the petition for habeas corpus why an appeal with stay of execution is not an adequate remedy.

3. The petitioner has failed to comply with the requirements of Rule 12(h), Rules of the Supreme Court of Wyoming, in that he has not filed a brief supporting his position. Thus, in this case, there is a deficiency both from the standpoint of a factual showing and from the standpoint of legal authorities.

Wherefore, it is ordered that the petition for a writ of habeas corpus be and the same is hereby denied.